IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VICKIE LINDSEY                                              PLAINTIFF

v.                    Case No. 04-6125

CUBE CORPORATION                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this claim under Title VII, 42 U.S.C. § 2000e, *et seq.*, of the Civil Rights Act of 1964. In her Complaint (Doc. 1), Plaintiff alleges claims for sexual harassment and retaliation. Currently before the Court is Defendant's Motion for Summary Judgment (Doc. 22), and for the reasons that follow, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

**A.  Background**

The following facts of this case are undisputed:

1. Defendant is a government contractor headquartered in Sterling, Virginia, and is currently performing a project for the U.S. Army Corps of Engineers on Lake Ouachita in Royal, Arkansas.  (Doc. 24 ¶ 1.)

2. Plaintiff was hired by Defendant on October 26, 2000 as a "Grounds Maintenance Laborer I."  (Doc. 24 ¶ 3.)

3. On September 3, 2003, Plaintiff reported an incident of sexual harassment to Defendant.  (Doc.

24 ¶ 5.) In her report, Plaintiff alleged that on July 12, 2003, Site Superintendent Garey Breshears leaned into a truck cab occupied by Plaintiff and her work partner, Charles Frazier, and placed an empty beer can between her legs and asked her why she was drinking on the job. (Doc. 23 Ex. A; Simpson Aff. ¶ 4 and Ex. 5.)

4. Defendant's Lake Ouachita Project Area Manager, Michael Simpson, investigated Plaintiff's allegations. In his written statement, Breshears confirmed the incident, but contended the beer can fell onto Plaintiff by accident and that he was joking when he said "there was no drinking allowed on the job." (Doc. 23 Ex. A; Simpson Aff. ¶ 4 and Ex. 7.) Following his investigation, Simpson concluded no sexual harassment had occurred, but determined Garey Breshears should be counseled for behavior "un-becoming of a supervisor."[1] (Doc. 23 ¶ 7 and Ex. A; Simpson Aff. ¶ 5 and Ex. 9.) Breshears received a two-day suspension without pay on September 9, 2003. (Doc. 24 ¶ 7.)

5. On December 12, 2003, Plaintiff filed a Charge of

---

[1] There is no indication in the available facts when Simpson's investigation concluded.

Discrimination with the Equal Employment Opportunity Commission (EEOC). (Doc. 1. p. 4.) On July 30, 2004, the EEOC issued a notice of right to sue on July 30, 2004. (Doc. 7.)

6. On November 7, 2003, Breshears reported to Simpson that he witnessed an argument between Plaintiff and her male co-worker, Jackie C. Mahan. (Doc. 23 ¶ 8 and Ex. A; Simpson Aff. ¶ 6.) Breshears intervened and removed both Plaintiff and Mahan to a different location where the argument continued. (Doc. 23 ¶¶ 8-9 and Ex. A; Simpson Aff. ¶ 6 and Ex. 16.) Plaintiff alleged Mahan used his arm to nearly hit her face and that he was "always hitting and kicking us girls in the butt." (Doc. 23 ¶ 9 and Ex. A; Simpson Aff. ¶ 9 and Ex. 16.) During Simpson's investigation of the incident involving Plaintiff and Mahan, Plaintiff made no allegation of sexual harassment directed at any employee of Defendant. (Doc. 24 ¶ 9.)

7. On November 17, 2003 Plaintiff and Mahan both received two-day suspensions as a result of the incident in which Mahan nearly hit Plaintiff in the face with his arm. (Doc. 24 ¶ 10.) Defendant alleges Plaintiff engaged in "abusive, aggressive,

and insubordinate behavior" when she was told about the two-day suspension. (Doc. 23 Ex. A; Simpson Aff. ¶ 9.) As a result of this incident, Simpson recommended to Defendant's Human Resources Director, Edie Widener, that Plaintiff's employment be terminated. (*Id.*)

8. Upon her return to work on November 20, 2003, Plaintiff's employment was terminated. (Doc. 23 Ex. A; Simpson Aff. ¶ 12.) Defendant's stated reason for Plaintiff's termination was her behavior exhibited on November 17, 2003, which Defendant characterized as "inconsistent with appropriate employee behavior." (Doc. 23 ¶ 12 and Ex. A; Simpson Aff. ¶ 10.)

**B. Discussion**

Plaintiff's Complaint alleges claims for sexual harassment and retaliation. (Doc. 1.) Defendant moves for summary judgment contending Plaintiff has failed to make out a *prima facie* case of hostile work environment sex discrimination. Defendant also contends Plaintiff has failed to prove her termination came as a result of the complaint of sexual harassment lodged against Garey Breshears.

In determining whether summary judgment is appropriate, the Court must view the facts and inferences in the light most

favorable to the non-moving party. *Rabushka v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997). The moving party bears the burden of establishing the absence of issues of material fact in the record and of establishing that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986).

### 1. Hostile Environment Sexual Harassment

An employee is subject to hostile work environment sexual harassment when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citation omitted). To establish a *prima facie* case of hostile work environment sexual harassment by non-supervisory co-workers, a plaintiff "must establish all of the following: 1) membership in a protected group, 2) the occurrence of unwelcome harassment, 3) a causal nexus between the harassment and her membership in the protected group, 4) the harassment affected a term, condition, or privilege of employment, and 5) the employer knew or should have known of the harassment and failed to take prompt remedial action."[2] *Jacob-Mua v. Veneman*, 289 F.3d 517, 522 (8th Cir. 2002).

---

[2] The final element applies to allegations of non-supervisory harassment, but not to allegations of supervisory harassment. *See Carter v. Chrysler Corp.*, 173 F.3d 693, 700 (8th Cir. 1999).

In the present case, Plaintiff is a member of a protected class of individuals under Title VII and has alleged an instance of unwelcome sexual harassment because of her gender. To succeed on a hostile work environment claim, Plaintiff must also show that the alleged harassment was "sufficiently severe and pervasive to create a work environment that was both objectively and subjectively hostile." *Faragher v. City of Boca Raton*, 524 U.S. 775, 786-87 (1998). The alleged conduct must have been "so extreme that it amount[ed] to a change in the terms and conditions of her employment." *Id.* Whether the harassment created a hostile work environment is a function of both the severity and pervasiveness of the offensive conduct, with a high level of severity compensating for a low level of pervasiveness and vice versa. *Jackson v. Flint Ink North Am. Corp.*, 370 F.3d 791, 794 (8th Cir. 2004). Courts look "at all the circumstances," including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

In her pleadings submitted in this case, Plaintiff has related

---

Therefore, to the extent Plaintiff claims harassment by her supervisors, she need not prove her employer knew or should have known of the harassment. *See Palesch v. Mo. Comm'n on Human Rights*, 233 F.3d 560, 566 n.5 (8th Cir. 2000).

AO72A
(Rev. 8/82)

several instances of conduct in support of her claim of a hostile work environment. The first occurred in July 2003, when Site Superintendent Garey Breshears "took a beer can and put [it] between [her] legs." (Doc. 1; Compl. p. 2.) Plaintiff alleges Breshears simultaneously stated, "there was no drinking on the job." (Doc. 23 Ex. A; Simpson Aff. and Ex. 7.)

The second incident involves Plaintiff's allegation that co-worker Jackie Mahan "was always hitting and kicking us girls in the butt." (Doc. 23 ¶ 9 and Ex. A; Simpson Aff. ¶ 9 and Ex. 16.) In her deposition, Plaintiff added that she interpreted this behavior as sexual in nature. (Doc. 23; Lindsey Dep. p. 73.) Third, Plaintiff indicated in her deposition that Mahan had previously either propositioned her for sex or asked her out on a date. (Doc. 23; Lindsey Dep. p. 73.)

Viewing all facts more favorably to Plaintiff, we find these incidents are neither sufficiently severe nor pervasive to be actionable under Title VII, as simple teasing, offhand comments and isolated incidents (unless extremely serious) do not constitute a hostile work environment. *Burkett v. Glickman,* 327 F.3d 658, 661 (8th Cir 2003); *Ford v. Colson Caster Corp.*, 353 F. Supp. 2d 991, 999 (E.D. Ark. 2005); *see also Scusa v. Nestle U.S.A. Co.*, 181 F.3d 958, 967 (8th Cir. 1999) (experiencing unpleasant conduct and rude comments does not equate to severe or pervasive harassment that altered conditions of employment). In addition, these instances do

AO72A
(Rev. 8/82)

not reflect a pattern of discrimination marked by ongoing and repeated conduct that would make a reasonable person conclude the working environment was "permeated with discriminatory intimidation, ridicule, and insult." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).

While the incidents above were inappropriate, we conclude Defendant's motion should be GRANTED with respect to Plaintiff's sexual harassment claim.

### 2. **Retaliation**

The *McDonnell Douglas* burden-shifting analysis "governs the order and allocation of proof for retaliation claims." *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005) (quoting *Kratzer v. Rockwell Collins. Inc.*, 398 F.3d 1040, 1048 (8th Cir. 2005)). Under this analysis, a plaintiff must first establish a *prima facie* case by showing: (1) she engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal connection linked the protected activity and the adverse employment action. *Krough v. Cessford Const. Co.*, 336 F.3d 710, 712 (8th Cir., 2003); *see also Turner v. Gonzales*, No. 04-3426, slip op. at 9 (8th Cir. August 30, 2005). If the *prima facie* case is met, the burden shifts to the defendant to produce "a legitimate, non-retaliatory reason for the action it took against the plaintiff." *Id*. If the defendant

satisfies its burden, the plaintiff is "then obliged to present evidence that (1) creates a question of fact as to whether [defendant's] reason was pretextual and (2) creates a reasonable inference that [defendant] acted in retaliation." *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 833 (8th Cir. 2002).

In viewing the facts more favorably to the Plaintiff, we find Plaintiff met the first two requirements of the *prima facie* case for retaliatory discharge as she engaged in protected activity by lodging a complaint of sexual harassment on September 3, 2003, and was later terminated. *See Turner v. Gonzales*, No. 04-3426, slip op. at 9 (8th Cir. August 30, 2005). Whether Plaintiff has presented sufficient evidence as to the third element, however, is a closer case.

In order to satisfy the causation element of the *prima facie* case, a plaintiff must prove her employer's retaliatory motive played a part in the decision to terminate her. *Gilooly v. Mo. Dep't of Health and Senior Servs.*, No. 04-2460, slip op. at 8 (8th Cir. August 31, 2005) (citing *Kipp v. Mo. Highway and Transp. Comm'n*, 280 F.3d 893, 896-97 (8th Cir. 2002)). A plaintiff may also satisfy the causation element by demonstrating a close temporal proximity between a sexual harassment complaint and discharge. *See, e.g., Turner v. Gonzales*, No. 04-3426 (8th Cir. August 30, 2005) (finding five days between filing of a sexual harassment complaint and discharge sufficient to meet the causation

element of plaintiff's *prima facie* case of retaliation); *Sherman v. Runyon*, 235 F.3d 406 (8th Cir. 2000) (holding two days is sufficient to prove causation).

Despite the two-month lapse between Plaintiff's September 3, 2003, sexual harassment complaint and her termination on November 20, 2003, there is evidence sufficient to suggest a causal link between these two events. Garey Breshears was the subject of Plaintiff's sexual harassment complaint and also the individual who reported Plaintiff's argument with co-worker Jackie Mahan, which precipitated Plaintiff's discharge. While this fact may only be coincidental, it may bear on any motive Defendant had in terminating Plaintiff. In addition, there is a factual dispute as to the manner in which Plaintiff was terminated and the reasons provided. Although Defendant's stated reason for terminating Plaintiff was her use of "loud, abusive, aggressive and insubordinate behavior" on November 17, 2003, in response to a two-day suspension of her employment (Doc. 24 ¶ 11), there is evidence to suggest that this conduct was widespread at the work site. (Doc. 30 Ex. F; Simpson Dep. p. 41.) These issues raise a factual question concerning the reason for Plaintiff's termination and an issue of material fact to be determined as to whether Plaintiff's behavior on November 17, 2003, was the true reason for Plaintiff's termination or a mere pretext for retaliatory discharge.

We determine Plaintiff's claim of retaliation should proceed

AO72A
(Rev. 8/82)

to a determination on the issue of pretext, and summary judgment is DENIED as to this claim.

**C.  Conclusion**

Based on the foregoing, we determine Defendant's Motion for Summary Judgment (Doc. 22) is GRANTED as to Plaintiff's claim of sexual harassment and DENIED as to Plaintiff's claim of retaliation.  Accordingly, this matter shall proceed to a jury trial scheduled for the week beginning Monday, October 3, 2005.

IT IS SO ORDERED this 1st day of September, 2005.

/s/ Robert T. Dawson
_____
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)